```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,                New York, N.Y.

          v.                             24 Cr. 82 (RMB)

KEONNE RODRIGUEZ,

          Defendant.

------------------------------x
                                         May 28, 2024
                                         11:10 a.m.


Before:

              HON. RICHARD M. BERMAN,

                                         U.S. District Judge


                       APPEARANCES

DAMIAN WILLIAMS
     United States Attorney for the
     Southern District of New York
BY:  DAVID R. FELTON
     ANDREW K. CHAN
     Assistant United States Attorneys

ARNOLD & PORTER, LLP
     Attorneys for Defendant Rodriguez
BY:  MICHAEL KIM KRAUSE
```

O5S5rodC

1  (Case called)
2  THE COURT:  So this is our first in-person conference
3  with defense counsel and Mr. Rodriguez.  Just a little bit by
4  way of background.  The indictment in this case, the sealed
5  indictment was filed on or about February 14, 2024, charging
6  the defendant and a co-defendant, William Lonergan Hill, with
7  two counts, one a conspiracy to commit money laundering and
8  conspiracy to operate an unlicensed money transmitting
9  business.  The indictment was unsealed on April 24, 2024.
10  Mr. Krause, you are defense counsel in this case; is
11  that right?
12  MR. KRAUSE:  Yes, your Honor.
13  THE COURT:  In general, did you want to add anything?
14  MR. KRAUSE:  No, your Honor.
15  THE COURT:  Please be seated.  I'm sorry.
16  There was prior counsel and you have been substituted
17  into the case.  That's the point I was trying to make.
18  MR. KRAUSE:  Thanks, your Honor.
19  THE COURT:  You bet.
20  So, in general, there are two defendants, and as I
21  mentioned Mr. Hill, my understanding is, was arrested in and is
22  still in Portugal.  Is there an extradition issue or process
23  that's begun?
24  MR. FELTON:  Yes, your Honor.  The extradition request
25  has been submitted to Portugal and we are awaiting the

1     conclusion of those proceedings.

2              THE COURT:  I see.

3              So just some additional factors.  The question that I
4     have is have all aspects of the bond been satisfied?  I know I
5     signed an order extending it for a week, the meeting those
6     conditions.  Has that all occurred?

7              MR. FELTON:  Yes, your Honor.

8              THE COURT:  Mr. Rodriguez is living in Harmony,
9     Pennsylvania; is that correct?

10             MR. FELTON:  Yes, your Honor.

11             THE COURT:  I don't really have many more questions on
12    my part, but if you have any issues or questions you want to
13    raise with me, I'm happy to entertain them.

14             MR. FELTON:  Your Honor, from the government's
15    perspective, we have conferred with defense counsel.  Right
16    after we entered the notice of appearance last week, we sent a
17    proposed protective order to him.  Upon entry of the protective
18    order, we intend to start rolling out discovery, which will be
19    voluminous in this case.

20             THE COURT:  That has not quite yet occurred?

21             MR. FELTON:  Not yet, your Honor.  Upon entry of the
22    protective order we will commence that process.

23             THE COURT:  Gotcha.

24             MR. FELTON:  We have requested a 2 terabyte hard
25    drive.  There was a search warrant in connection with the

1  defendant's arrest and lot of electronic devices that were
2  seized as part of that.  As we get into those and extract them,
3  we will be producing those on a rolling basis, your Honor.
4           THE COURT:  So what is your understanding how we are
5  going to proceed with one defendant here and one defendant
6  perhaps in extradition?  Or are we going to just proceed per
7  defendant?
8           MR. FELTON:  Yes, your Honor.  Understood, your Honor.
9           Look, the defendant Mr. Rodriguez is here.  We will
10 proceed as if he is the only defendant here.  As soon as
11 Mr. Hill is here, we will proceed as if he is here as well.  We
12 are not going to hold anything back just because Hill is
13 overseas.
14          THE COURT:  Gotcha.  One other question.  When do you
15 think we should have another conference that would be helpful?
16          MR. FELTON:  Yes, your Honor.
17          After conferring with defense counsel, I think the
18 parties' proposed approach would be a date sometime in
19 approximately 90 days.  That way defendant will have had a
20 chance to begin reviewing some of the substantial discovery in
21 this case and we will have a better idea of where things stand
22 at that time.
23          THE COURT:  Counsel, that's OK with you?
24          MR. KRAUSE:  Yes, your Honor.  As the government said,
25 we did meet and confer and talk about potential schedule and

O5S5rodC

the discovery, and as he indicated, once we produce the 2-terabyte hard drive and sign the protective order, we should get discovery sounds like it will be on a rolling basis. Beyond discovery, I do want to flag for the Court that there will be, we think, substantial pretrial motions in this case. We will see what the discovery shows.

THE COURT: As opposed to insubstantial motions.

MR. KRAUSE: Motions that could include up to motions to dismiss the indictment. I'm not sure if the Court is aware, but this case has generated a fair amount of controversy and for good reason. Just by way of example, there was a letter filed or sent to the Attorney General of the United States, Merrick Garland, by two senators; one republican, one democrat, Senator Wyden from Oregon and Senator Lummis from Wyoming.

THE COURT: Are they going to be part of the motion practice?

MR. KRAUSE: I recognize that it is persuasive authority at best, your Honor.

THE COURT: I got it.

MR. KRAUSE: But in that letter expressed grave concerns about the recent policy changes by the DOJ to expand the scope of the federal prohibition on operating money transmitters. And, in our view, it is not the law that a software developer who creates software and then it is used by others in an unwitting way to commit certain crimes is guilty

Case 1:24-cr-00082-RMB   Document 28   Filed 06/18/24   Page 6 of 8    6
O5S5rodC

1   of that statute.
2           So I'm just flagging for the Court that there will be,
3   we think, pretrial motions in this case, but beyond that, the
4   90 days, I do think it will make sense to have a second
5   conference at that time after we have had a chance to review
6   the discovery and have had a chance to contemplate those
7   motions, and perhaps a schedule could be set at that time and
8   hopefully the co-defendant will be present by then.
9           THE COURT:  That would be great.
10          And if anything comes up between now and the 90 days,
11  of course you are always free to contact chambers and have a
12  conference, if that is need be, or respond to some letter that
13  you might want to get before me.
14          MR. KRAUSE:  We appreciate that, your Honor, and that
15  does raise what counsel and I were speaking about before the
16  conference outside the courtroom, there are certain issues with
17  the current bail conditions.  As the government said, all
18  conditions have been complied with and satisfied but
19  Mr. Rodriguez' is on home incarceration which is an extremely
20  restrictive form of --
21          THE COURT:  At his residence in Pennsylvania?
22          MR. KRAUSE:  Exactly, your Honor.  My understanding is
23  it is enforced through an RFIV wherein he can't step outside
24  his front door and stand on his lawn without violating the home
25  incarceration condition so I don't think there is anything for

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1   the Court to do at this moment, but just to preview.
2           THE COURT:  I hear you.  There may be some application
3   coming down the road.
4           MR. KRAUSE:  Hopefully on consent; yes, your Honor.
5           THE COURT:  Great.
6           MR. KRAUSE:  Thank you.
7           MR. FELTON:  Nothing further except for speedy trial,
8   your Honor, from the government, unless the Court has any
9   questions on that front.
10          THE COURT:  I am going to suggest a date to you in a
11  moment.  How is the Wednesday after Labor Day, so that would be
12  September 4.  Does that work for defense, first of all?
13          MR. KRAUSE:  Yes, your Honor.
14          THE COURT:  And how about the government?
15          MR. FELTON:  Yes, your Honor.
16          THE COURT:  11:30.  Is that good for everybody?
17          MR. FELTON:  Yes, your Honor.
18          MR. KRAUSE:  Yes, your Honor.
19          THE COURT:  So I'm also going to find, under 18 U.S.C.
20  Section 3161, that the request for adjournment joined in by
21  both sides to and including September 4, 2024 at 11:30, that
22  application is appropriate and warrants exclusion of the
23  adjourned time from speedy trial calculations.  I further find
24  that the exclusion is designed to prevent any possible
25  miscarriage of justice to facilitate these proceedings, to

O5S5rodC

1  guarantee effective representation of and preparation by
2  counsel for both parties, and thus the need for exclusion, and
3  the ends of justice outweigh the interests of the public and
4  the defendants in a speedy trial pursuant to 18 U.S.C.
5  Section 3161(h)(7)(A) and (B).
6        So I think that is it.  It certainly is on my behalf.
7  if there is nothing further from counsel, we are adjourned for
8  today.  Nice to see you all.
9        MR. FELTON:  Thank you, your Honor.
10       MR. KRAUSE:  Thank you, your Honor.
11       THE COURT:  You bet.
12                              o0o