

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

Jacob K. Javits Federal Building
26 Federal Plaza, 37th Floor
New York, New York 10278

June 24, 2025

**BY CM/ECF**

The Honorable Richard M. Berman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

>   Re:   *United States v. Keonne Rodriguez and William Lonergan Hill*,
>          **No. 24 Cr. 82 (RMB)**

Dear Judge Berman:

    The parties file this joint letter regarding defendant Keonne Rodriguez's motion to suppress evidence recovered from a safe during a search of his residence, including any electronic evidence obtained by using a password that was in the safe. (Dkt. 101). As further discussed below, the Government will not introduce at trial any evidence obtained directly from the safe, and the Government has not used any passwords in the safe to access other electronic devices, or otherwise obtained any other evidence as a result of the evidence seized from the safe. As a result, counsel for Rodriguez has agreed to withdraw his motion to suppress.

    On April 24, 2024, law enforcement agents executed a court-authorized search warrant for Rodriguez's premises at the time of his arrest. While executing the search, law enforcement agents identified a safe at Rodriguez's residence, which they were authorized to search pursuant to the warrant. After Rodriguez invoked his right to counsel while under arrest and before he received a *Miranda* warning, law enforcement agents asked Rodriguez whether he was willing to provide the agents with the pin number to the safe, advising him that they would otherwise break open the safe pursuant to the warrant. (Dkt. 101-1 at ¶¶ 8-13). Rodriguez provided the pin number to the safe, (Dkt. 101-1 ¶ 14), which law enforcement agents used to open the safe. Rodriguez claims that the safe contained a password written on "a laminated card" that provided access to a secure server seized from his house by agents, which contained business records for Samourai Wallet. (Dkt. 101-1 at ¶ 16).

    Having considered the defendant's motion to suppress, the Government will not introduce at trial any evidence obtained directly from the safe.[1] Additionally, following a diligent

---

[1] In the Government's view, pursuant to the inevitable discovery doctrine, evidence obtained from the safe need not be suppressed because law enforcement agents would have otherwise broken into the safe pursuant to the search warrant. *Nix v. Williams*, 467 U.S. 431, 444 (1984)

investigation and after conferring with defense counsel, the Government has confirmed that law enforcement did not use any passwords in the safe to access any electronic devices, and the Government obtained no other evidence as a result of the evidence seized from the safe. Accordingly, counsel for Rodriguez has informed the Government that he will withdraw his motion to suppress.

<div style="margin-left: 50%">

Respectfully submitted,

NICOLAS ROOS
Acting Deputy United States Attorney,
Attorney for the United States,
Acting Under Authority Conferred by
28 U.S.C. § 515


By: /s/ _____
    Andrew K. Chan
    David R. Felton
    Cecilia Vogel
    Assistant United States Attorneys
    Tel: (212) 637-1072 / 2299 / 1084

</div>

cc:  Michael Krouse, Esq. (Counsel for Defendant Keonne Rodriguez)

---

(holding the inevitable discovery doctrine precludes the suppression of unlawfully obtained evidence if "the information ultimately or inevitably would have been discovered by lawful means.").  The Government has nevertheless determined that it will not seek to introduce such evidence because it is not necessary for its case-in-chief and in order to avoid needless litigation.