

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

Jacob K. Javits Federal Building
26 Federal Plaza, 37th Floor
New York, New York 10278

July 21, 2025

**BY CM/ECF**
The Honorable Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:   *United States v. Keonne Rodriguez and William Lonergan Hill*,
             S3 24 Cr. 82 (DLC)

Dear Judge Cote:

      The Government writes to provide a report regarding the current status of the above-referenced case, which was reassigned to the Court from Judge Berman on July 9, 2025:

**I.    Procedural History and Summary of the Charges**

      On or about April 24, 2024, the S2 24 Cr. 82 indictment was unsealed, charging Defendants Keonne Rodriguez and William Lonergan Hill with participating in a money laundering conspiracy, in violation of 18 U.S.C. § 1956(h); and conspiracy to operate an unlicensed money transmitting business, in violation of 18 U.S.C. § 371. (Docket Nos. 4 and 5). These charges relate to the role of the defendants in developing, marketing, and operating a cryptocurrency mixing service known as Samourai Wallet ("Samourai"), which was designed to serve as a haven for criminals to engage in large-scale money laundering and sanctions evasion.

      Rodriguez was arrested on April 24, 2024 in the Western District of Pennsylvania, and Hill was arrested that day in Portugal. Rodriguez was presented and released on bail, and was presented in the Southern District of New York on April 29, 2024 before Magistrate Judge Moses, where the Government and the defendant agreed upon a bail package. (Docket No. 8). Hill consented to extradition from Portugal and was brought to the United States on July 9, 2024, where he was presented before Magistrate Judge Netburn. (Docket No. 37). During the bail argument, the Government requested that Judge Netburn impose a condition of bail requiring that Hill remain in the United States. (Docket No. 35). Judge Netburn ultimately ruled that Hill could be supervised by Pretrial Services while living in Portugal during the pendency of this matter.

      On May 29, 2025, the defendants filed a motion to dismiss the indictment, as well as a motion to compel the Government to disclose internal communications relating to the decision of whether and when to disclose the circumstances of a call between AUSAs on the prosecution team

and employees of FinCEN, and to hold a hearing regarding the circumstances of the disclosure and appropriate remedy. (Docket Nos. 95, 98, 107). Additionally, Hill filed a severance motion and a motion to suppress evidence relating to a court-authorized search of his email account. (Docket Nos. 99, 102).[1] On June 26, 2025, the Government filed its opposition to the defendants' pretrial motions. (Docket No. 118). The defendants filed a reply brief relating to their motion to dismiss on July 10, 2025, but did not file a reply brief relating to any of the other pretrial motions. (Docket No. 123).

A S3 superseding indictment was returned by the grand jury on June 24, 2025, which made certain modifications to the periods of the charged conspiracies, the objects of the conspiracy in Count Two, the types of financial transactions and underlying specified unlawful activities in Count One, as well as additional factual allegations. (Docket No. 109); *see also* Docket No. 116 (summarizing in detail the changes in the S3 superseding indictment). The Court has scheduled an arraignment for both defendants on the S3 superseding indictment on July 22, 2025 at 2:00 p.m.

The Government has produced approximately 13 batches of Rule 16 discovery to the defendants to date, and it continues to produce Rule 16 discovery to the defendants on a rolling basis as it continues to investigate. The discovery materials in this case include, among other things, law enforcement reports, search warrant affidavits, business records, Google extractions, over 50 extractions from cellphones and other electronic devices, public posts on social media, laboratory reports, returns from Mutual Legal Assistance Treaty ("MLAT") requests, and Blockchain data.

The Government has been continuing to investigate whether proceeds from other specified unlawful activities were laundered by Samourai, and the Government anticipates likely requesting that the grand jury return at least one more superseding indictment in advance of trial to add additional specified unlawful activities.

## II.     Schedule for Trial and Pretrial Submissions

Trial in this case is currently scheduled to commence on November 3, 2025. The Government currently estimates that the trial will require approximately three weeks. In a scheduling order on December 11, 2024, Judge Berman ordered all pretrial submissions, including joint jury charges, joint voir dire, joint verdict sheet, and motions in limine (including any *Daubert* motions), to be due on October 1, 2025, with responses to motions in limine to be due on October 8, 2025. Judge Berman had also previously scheduled a final pretrial conference on October 29,

---

[1] Rodriguez also filed a motion to suppress evidence, which related to evidence found by law enforcement within a safe during the execution of a premises search warrant. Specifically, Rodriguez argued that law enforcement agents improperly asked him whether he wished to provide law enforcement agents with the combination to the safe, even after he invoked his right to counsel. The parties later reached an agreement that Rodriguez would withdraw this motion to suppress because the Government would not be using any evidence from the safe during its case-in-chief at trial. (Docket No. 110).

2025 at 10:00 a.m. (Docket No. 64). The parties expect to respectfully request that the Court allow for an additional week for responding to motions in limine, moving the deadline for responses from October 8, 2025 to October 15, 2025.

During a previous pretrial conference on March 18, 2025, the parties had also set a schedule for exchange of expert witness materials under Rule 16(a)(1)(G)(i) and (b)(1)(C). The Government produced its expert witness materials to the defendants on July 15, 2025, and the defendants are expected to produce their expert witness materials to the Government on August 8, 2025. The parties have also conferred and have agreed upon the following schedule for other pretrial disclosures:

- Rule 404(b) Notice – September 5, 2025
- Notice of any Advice of Counsel Defense – September 5, 2025
- Production of Otherwise-Privileged Rule 16 materials for Advice of Counsel Defense – October 3, 2025
- Exchange of 18 U.S.C. § 3500/Rule 26.2/*Giglio* materials – October 6, 2025
- Exchange of Exhibits – October 14, 2025

Finally, counsel for Hill served a notice under Rule 12.2(b) to the Government on May 29, 2025, which they supplemented on July 18, 2025. To meet this evidence, the Government will be filing a letter requesting that the Court order that Hill be subject to examination by an independent expert under Rule 12.2(c)(1)(B). The parties will meet and confer regarding proposed procedures and logistics for the examination.

Respectfully submitted,

NICOLAS ROOS
Acting Deputy United States Attorney,
Attorney for the United States,
Acting Under Authority Conferred by
28 U.S.C. § 515

By: /s/
    Andrew K. Chan
    David R. Felton
    Cecilia Vogel
    Assistant United States Attorneys
    Tel: (212) 637-1072 / 2299 / 1084

cc: All Counsel of Record