UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------- X
                                        :
UNITED STATES OF AMERICA                :      24cr82 (DLC)
                                        :
            -v-                         :      MEMORANDUM
                                        :      OPINION AND
KEONNE RODRIGUEZ and WILLIAM LONERGAN   :        ORDER
HILL,                                   :
                                        :
                      Defendants.       :
                                        :
--------------------------------------- X

APPEARANCES:

For the petitioner:

Roger A. Burlingame
Matthew L. Mazur
Dechert LLP
1095 Avenue of the Americas
New York, NY 10036

For the Government:

Andrew K. Chan
David R. Felton
Cecilia E. Vogel
U.S. Attorney's Office, SDNY
One St. Andrew's Plaza
New York, NY 10017

DENISE COTE, District Judge:

On May 29, 2025, defendant William Lonergan Hill filed a

motion to sever his criminal trial from that of his co-defendant

Keonne Rodriguez on the ground that, if Rodriguez were tried

first, Rodriguez would provide exculpatory testimony at Hill's

later trial.  For the following reasons, the motion is denied.

The defendants operated the cryptocurrency service Samourai Wallet ("Samourai"). Rodriguez was Samourai's CEO and Hill was its Chief Technology Officer. They have been charged with participating in a money laundering conspiracy in violation of 18 U.S.C. § 1956(h) and participating in a conspiracy to operate an unlicensed money transmitting business in violation of 18 U.S.C. § 1960(b)(1)(C). This case was reassigned to this Court on July 9, 2025. Trial is scheduled to begin on November 3.

"Considerations of efficiency and consistency militate in favor of trying jointly defendants who were indicted together," especially when "the defendants are charged with participating in the same criminal conspiracy." United States v. Spinelli, 352 F.3d 48, 55 (2d Cir. 2003). If trying defendants jointly "appears to prejudice a defendant or the government," however, the court may "sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim P. 14(a).

When a defendant requests severance on the ground that a co-defendant may be willing to offer helpful testimony in a separate trial, courts consider the following four factors:

    (1) the sufficiency of the showing that the
    co-defendant would testify at a severed trial and
    waive his Fifth Amendment privilege;

    (2) the degree to which the exculpatory testimony
    would be cumulative;

    (3) the counter arguments of judicial economy; and

(4) the likelihood that the testimony would be subject
to substantial, damaging impeachment.

United States v. Ferguson, 676 F.3d 260, 287 (2d Cir. 2011)
(citation omitted).  The Second Circuit has observed that a
co-defendant's conditional offer to provide exculpatory
testimony if his trial is completed first smacks of "bad faith".
Spinelli, 352 F.3d at 56 (citation omitted).

In a memorandum, Hill's counsel asserts that if Hill is
tried after Rodriguez, Rodriguez will describe at Hill's trial
the advice Rodriguez obtained from Samourai's counsel that
Samourai was not a money transmitter and was not required to
implement anti-money laundering controls.  Rodriguez "sometimes"
shared that legal advice with Hill and "sometimes" only told
Hill that he had consulted with counsel, assuring Hill that
Samourai complied with applicable laws.  Neither Rodriguez nor
Hill has provided notice that they are waiving the attorney-
client privilege or will rely on an advice of counsel defense at
trial.[1]  Nor has either defendant provided any affidavit in
connection with this motion.[2]  Rodriguez's attorney has indicated
that he does not expect Rodriguez to testify at his own trial.

---

[1] The parties have agreed that the defendants will advise the
Government by September 5, 2025 if they intend to rely on an
advice of counsel defense.

[2] Hill offers to submit an affidavit describing his conversations
with Rodriguez "concerning the applicability of United States

There is no argument that Hill and Rodriguez are not properly joined as co-defendants in this Indictment and, setting aside this motion, would be properly tried together.  They were the co-founders of Samourai and are charged with the same two violations of law.

Hill has not shown that any of the factors to be weighed in connection with this motion to sever support his application. To begin with, there has not been a showing that Rodriguez would testify at a severed trial and thereby waive his Fifth Amendment privilege.  His Fifth Amendment privilege will survive his own trial even if he is convicted.  Minnesota v. Murphy, 465 U.S. 420, 426 (1984).  He would face sentencing about three months following a conviction and could not be compelled to testify in advance of that proceeding.  His privilege would also survive during the pendency of any appeal.  See United States v. Kennedy, 372 F.3d 686, 691-92 (4th Cir. 2004); United States v. Duchi, 944 F.2d 391, 394 (8th Cir. 1991).  Even if Rodriguez is acquitted at his own trial, he would likely refrain from taking the stand at Hill's trial out of fear that the Government could pursue other criminal charges against him for activities related to Samourai.

---

law," but only on an ex parte basis "to avoid disclosing privileged legal advice."

Hill has also failed to show that Rodriguez's testimony would not be cumulative.  Hill himself could testify to any conversation he had with Rodriguez.  Hill could also call Samourai's attorney, should the defendants waive the attorney-client privilege, to describe any legal advice the attorney provided to Rodriguez.  And even more significantly, the testimony does not appear to be exculpatory.  Hill is apparently relying on the proposed testimony from Rodriguez to help establish his good faith belief that he was following FinCEN guidance, specifically that Samourai was not a money transmitter required to obtain a FinCEN license since the users of Samourai did not give up custody of the private keys for their Bitcoin to Samourai.  The relevance and impact of this argument is limited, however, since the current Indictment does not charge the defendants with a violation of 18 U.S.C. § 1960(b)(1)(B).

The last two factors to consider in evaluating this motion to sever also fail to assist Hill.  The interests of judicial economy strongly support a joint trial.  The trial will be complex and virtually all the evidence will be relevant to the charges against both defendants.

Finally, as the Government's memorandum in opposition to this motion describes, Rodriguez will likely be subject to intense cross examination.  The damaging impeachment would

5

deprive Hill of any realistic expectation that Rodriguez's testimony would be of assistance to him at trial.  Thus, none of the four factors identified by the Court of Appeals for the Second Circuit support severing Hill's trial from Rodriguez's.

### Conclusion

Hill's May 29, 2025 motion for a separate trial is denied.

Dated:    New York, New York
          July 23, 2025

_____
DENISE COTE
United States District Judge

6